UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:

SAMIR HADDAD,

Case No.: 15-74327-reg
Chapter 7

Debtor.

-------------------------------------------------------------x

ALLAN B. MENDELSOHN as trustee
of the estate of SAMIR HADDAD,

Plaintiff,

-against-

Adv. Pro. No.: 16-08038

SAMIR HADDAD,

Defendant.

-------------------------------------------------------------x

## MEMORANDUM DECISION

The Debtor filed a chapter 7 petition ("Petition") on October 9, 2015 with the assistance

of counsel, Ronald D. Weiss, Esq. Allan B.Mendelsohn, Esq. ("Trustee") was appointed trustee

and the section 341 meeting of creditors was scheduled for November 4, 2015. The Debtor was

not examined at the November 4th meeting. Nor was he examined at adjourned 341 meetings

scheduled for November 25, 2015 and January 6, 2016. On January 12, 2016, the Trustee filed a

motion to dismiss this chapter 7 case. On February 10, 2016, the Debtor appeared at the

adjourned meeting and was examined. At that time, the Debtor would not represent to the

Trustee that he had read the Petition before he signed it. The meeting was further adjourned to

allow the Debtor to review the Petition. At the February 29, 2016 hearing on the motion to

dismiss, the Debtor appeared without counsel and represented to the Court that he did not read

the Petition before he signed it but he was undertaking to review it thoroughly. The time for the

1

Trustee to object to discharge was extended to April 4, 2016, and the section 341 meeting was adjourned to March 10, 2016.

At the adjourned section 341 meeting, the Debtor testified that he maintained a joint checking account with his wife at TD Bank, which was opened in or about July 2015, and that he borrowed approximately $3,000 from his cousin and about $7,000 from a friend during 2015 to pay living expenses. The TD Bank account was not disclosed on the Debtor's schedule B (personal property), and the loans totaling $10,000 were not disclosed on schedule F (unsecured creditors).

On March 16, 2016, the Trustee filed the instant complaint seeking to deny the Debtor's discharge for failing to list the $10,000 in loans on schedule F, and failing to disclose the TD Bank account on schedule B.

On April 18, 2016, the Debtor's counsel filed an answer to the complaint. In the answer, the Debtor asserted that the monies given to him by his cousin and friend were gifts, not loans and thus did not need to be disclosed on schedule F. The Debtor also claimed that he did not intentionally fail to list the TD Bank account, but that the Petition was filed on an emergency basis and he did not realize that he had to list accounts which were held jointly with a non-debtor, and in any event there was an insignificant amount of money in the TD Bank account so the failure to disclose it was immaterial.

At a pretrial conference held on May 23, 2016, the Court set a trial date of August 9, 2016. The Trustee advised the Debtor's counsel of the trial date by letter dated June 8, 2016, and the Court memorialized the trial date in a pretrial order which was entered on June 24, 2016, and served upon the Debtor's counsel and the Debtor on June 24th and June 26th respectively.

On June 29, 2016, the Debtor filed amended schedule B to add the TD Bank account (with a balance of $29.45), and amended schedule C to claim the TD Bank account as exempt. [ECF No. 19].

Despite having advance notice of the trial date, on August 3, 2016 the Debtor's counsel advised the Court that the Debtor would be in Morocco on August 9th and could not attend the trial. [ECF No. 11]. The Debtor's counsel also advised the Court that Sam Haddad and Talal Hassan, if they appeared at trial, "may testify" that the $10,000 given to the Debtor were gifts, not loans.

Debtor's counsel appeared on August 9, 2016 without the Debtor, or any other witness, and offered Defendant's exhibits A (a copy of the amended schedules filed on June 29, 2016), B (a copy of the Debtor's TD Bank account statement, dated March 2015 through October 2015), and C (handwritten edits to amended schedule B initialed "SH").

For the reasons that follow, the Debtor's discharge will be denied under section 727(a)(4)(A).

## Discussion

The Trustee seeks to deny the Debtor's discharge pursuant to section 727(a)(4)(A) which provides that a discharge will not be granted if "the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

A party objecting to a debtor's discharge pursuant to section 727(a)(4)(A), must prove by a preponderance of the evidence that: "(1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement

with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *Carlucci & Legum v. Murray (In re Murray)*, 249 B.R. 223, 228 (E.D.N.Y. 2000) (citation omitted). The provisions of section 727 are construed strictly against the objecting party and liberally in favor of the debtor. *Id.* (citing *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996)).

A bankruptcy petition, schedules and related statements are declarations made under penalty of perjury and "constitute a statement under oath for purposes of § 727(a)(4)(A)." *Nof v. Gannon (In re Gannon)*, 173 B.R. 313, 320 (Bankr. S.D.N.Y. 1994). Even "one single false oath or account is sufficient to deny a debtor's discharge." *TD Bank, N.A. v. Nazzaro (In re Nazzaro)*, No. 10–74869, 2013 WL 145627, at *7 (Bankr. E.D.N.Y. Jan. 13, 2013) (citing cases). A debtor is obligated to disclose even worthless assets, as it is not for the debtor to determine whether the asset has value or is important to disclose. The debtor is charged with answering the questions accurately and completely. *See New World Restaurant Group, Inc. v. Abramov (In re Abramov)*, 329 B.R. 125, 134 (Bankr. E.D.N.Y. 2005); *see also In re Robinson*, 506 F.2d 1184, 1188 (2d Cir. 1974); *Stanley v. Hoblitzell (In re Hoblitzell)*, 223 B.R. 211, 215-16 (Bankr. E. D. Cal. 1998) (an asset may be material even if it did not cause financial prejudice to the estate or creditors "'if it aids in understanding the debtor's financial affairs and transactions.'") (citation omitted).

There are two alleged omissions from the schedules at issue in this case: the TD Bank account, and the $10,000 in loans/gifts. The Debtor admits that it was error not to include the TD Bank account on schedule B. This is an uncontested fact and thus, the Court finds that the Trustee presented a prima facie case that the Debtor's schedule B, as originally filed, was false because it omitted the TD Bank account.

The $10,000 presents a slightly different issue. In his answer, the Debtor claims that despite his prior testimony at the section 341 meeting that these funds were loaned to him, the funds were in fact gifted to him. In order to determine whether there was a false oath on the Debtor's schedule F, the Court must determine whether the $10,000 were loans or gifts. The Debtor's sworn testimony at the March 10th 341 meeting was that he borrowed $10,000 from a family member and a friend to pay living expenses. Although he recanted this testimony, claiming in his answer that the funds were gifted to him, the Debtor failed to appear at trial to testify to this under oath. He also failed to produce his alleged benefactors at trial to prove that the funds were gifts, or even an affidavit signed by them attesting to the gift. Absent any evidence at trial to prove that these funds were gifted to him, the Court concludes based on the record that the $10,000 were borrowed funds, and that the Trustee has presented a prima facie case that the Debtor's schedule F was false.

Having found that the Trustee presented a prima facie case of false oath, the burden shifted to the Debtor to show that these omissions were not intentional. *See Wachovia Bank, N.A. v. Spitko (In re Spitko)*, 357 B.R. 272, 313 (Bankr. E. D. Pa. 2006) ("Where persuasive evidence of a false statement under oath has been produced by a plaintiff, the burden shifts to the defendant to prove that it was not intentionally false. . . ") (citation omitted); *Virovlyanskiy v. Virovlyanskiy (In re Virovlyanskiy)*, 485 B.R. 268, 272 (Bankr. E.D.N.Y. 2013) (same); *see also* 1983 Advisory Committee Note to Bankruptcy Rule 4005 ("[T]he rule leaves to the courts the formulation of rules governing the shift of the burden of going forward with the evidence in the light of considerations such as the difficulty of proving the nonexistence of fact and of establishing a fact as to which the evidence is likely to be more accessible to the debtor than to the objector.")

The Debtor's answer, dated April 14, 2016, explains that the TD Bank omission should be excused for a variety of reasons: the Petition was filed on an emergency basis; the Debtor initially did not understand that he had to list jointly held accounts; he intended to amend schedule B prior to the section 341 meeting and was in the process of doing so at the time the answer was filed; and there was an insignificant amount of money in the account on the Petition date. [ECF No. 5].

These explanations taken together *may have* provided the Debtor with a reasonable defense to the Trustee's argument that the Debtor acted with the requisite fraudulent intent as required by the statute. However, the Debtor failed to appear at trial, testify on his own behalf and subject himself to cross examination. The record clearly establishes that the Debtor had ample notice of the August 9 trial date. In fact, while the Debtor failed to appear his counsel was present and participated in the trial. By failing to appear at trial, the Debtor deprived the Trustee and this Court of the opportunity to assess the credibility of his assertions that his failure to disclose required information was not intentional.

Although a debtor's prompt amendment of schedules upon becoming aware of an omission may be taken into account and negate a finding of fraudulent intent, the Debtor did not promptly amend his schedules in this case. The Debtor became aware of the omission as early as the March 10, 2015 section 341 meeting and was certainly aware of the omission on April 14, 2016 when he filed his answer. Although the Debtor claimed in his answer that he was in the process of amending his schedules, the amended schedule B was not filed until June 29, 2016. *See Montey Corp. v. Maletta (In re Maletta)*, 159 B.R. 108, 112 (Bankr. D. Conn. 1993) (citing *Matter of Kilson*, 83 B.R. 198, 203 (Bankr. D. Conn. 1988)) ("A debtor's disclosure of information previously omitted from schedules is some evidence of innocent intent, but this

inference is 'slight where the debtor has ... amended his schedules after the trustee or creditors have already discovered what the debtor sought to hide.'")).

Although materiality is a factor for a court to consider in a section 727(a)(4)(A) analysis, the integrity of the bankruptcy process relies upon the full and complete disclosure by debtors of all required information regardless of a debtor's belief that a particular asset may be worthless. *See In re Gannon*, 173 B.R. at 319-20. This Court has in prior decisions made it very clear that it will not countenance incomplete disclosures, even a single disclosure failure, as to a debtor's assets and liabilities, as this information goes to the core of the bankruptcy process and is essential to the trustee's administration of the case.

In light of the Debtor's conflicting testimony, his failure to appear at trial, and the Debtor's admission that he failed to even read the schedules before he signed them, the Court is prepared to infer fraudulent intent. *See Gobindram v. Bank of India (In re Gobindram)*, 538 B.R. 629, 641 (E.D.N.Y. 2015) (agreeing with courts "who have held that the false oath sworn when a debtor signs a bankruptcy petition without reading it fully constitutes a reckless indifference to the truth under Section 727(a(4)(A)" sufficient to find fraudulent intent).

The Debtor has presented no evidence to controvert the Trustee's allegations of a knowing and fraudulent false oath or account under section 727(a)(4)(A). Therefore, judgment will enter in favor of the Plaintiff denying the Debtor's discharge.



Dated: Central Islip, New York
August 25, 2016

Robert E. Grossman
United States Bankruptcy Judge